

# THE ATTORNEY GENERAL
## OF TEXAS

July 3, 1989

JIM MATTOX
ATTORNEY GENERAL

Robert Bernstein, M.D., F.A.C.P.  Opinion No. JM-1066
Commissioner of Health
Texas Department of Health       Re: Construction of Radio-
1100 West 49th Street            logic Technologist Certi-
Austin, Texas    78756-3199      fication Act, article
                                 4512m, V.T.C.S. (RQ-1659)

Dear Dr. Bernstein:

You ask a number of questions about the Medical Radiologic Technologist Certification Act, article 4512m, V.T.C.S. Before we address your specific questions, we will summarize the relevant provisions of the act.

The act creates a certification process for medical radiologic technologists to be administered by the Department of Health. V.T.C.S. art. 4512m, § 2.05. Cf. 42 U.S.C. §§ 10001 - 10008 (Consumer-Patient Radiation Health and Safety Act). A "medical radiologic technologist" is "a person certified under [the] Act, other than a practitioner, who, under the direction of a practitioner, intentionally administers radiation to other persons for medical purposes." Id. § 2.03(7). A "practitioner" is "a doctor of medicine, osteopathy, podiatry, dentistry, or chiropractic who is licensed under the laws of this state and who prescribes radiologic procedures for other persons." Id. § 2.03(6). A "radiologic procedure" is "any procedure or article intended for use in the diagnosis of disease or other medical or dental conditions in humans (including diagnostic X-rays or nuclear medicine procedures) or the cure, mitigation, treatment, or prevention of disease in humans that achieves its intended purpose through the emission of radiation." Id. § 2.03(5).

Your questions focus on sections 2.07 and 2.08 of the act. Section 2.07 of the act provides:

> (a) Except as otherwise provided by this section, to perform a radiologic procedure a person must hold a certificate issued under this Act.

> (b) A person is not required to hold a certificate issued under this Act to perform a radiologic procedure if the person is a

practitioner and performs the procedure in the course and scope of the profession for which the person holds the license.

(c) A person is not required to hold a certificate issued under this Act to perform radiologic procedures if the person performs the procedures under the instruction or direction of a practitioner if the person and the practitioner are in compliance with rules adopted under Section 2.08 of this Act.

(d) A person who performs a radiologic procedure in a hospital that participates in the federal Medicare program or that is accredited by the Joint Commission on Accreditation of Hospitals and who has received appropriate instruction and training in the use and operation of diagnostic radiologic equipment consistent with either the federal Medicare standards for certification of hospitals or the accreditation standards of the Joint Commission on Accreditation of Hospitals may perform radiologic procedures without a certificate issued under this Act. A hospital that instructs and trains a person in the performance of radiologic procedures shall develop a protocol for the instruction and training.

Section 2.08 provides:

(a) This section applies to the Texas State Board of Medical Examiners, the Texas Board of Chiropractic Examiners, the Texas State Board of Dental Examiners, the Texas State Board of Podiatry Examiners, and the Board of Nurse Examiners.

(b) Each agency, other than the Board of Nurse Examiners, subject to this section shall adopt rules in accordance with the Administrative Procedure and Texas Register Act (Article 6252-13a, Vernon's Texas Civil Statutes) to regulate the manner in which a licensee of the agency may order, instruct, or direct another person in the performance of radiologic procedures.

(c) Rules adopted under this section must:

(1) require a person, other than a registered nurse, who is not certified under

this Act to register with the agency that licenses the practitioner under whom the person performs radiologic procedures;

(2) establish reasonable and necessary fees to cover the administrative costs incurred by the agency in administering a registration program created under this subsection;

(3) establish grounds for the suspension, revocation, or nonrenewal of a registration issued under this subsection;

(4) identify radiologic procedures that are more dangerous or hazardous and may only be performed by a practitioner or by a medical radiologic technologist certified under this Act;

(5) establish safety standards and procedures for the operation of equipment used to perform radiologic procedures; and

(6) establish standards for the training and supervision of the operators of the equipment.

(d) In adopting rules under Subsection (c) of this section, an agency may take into account whether the radiologic procedure will be performed by a registered nurse.

(e) The Board of Nurse Examiners may adopt rules governing registered nurses performing radiologic procedures under Subsections (b)[1] and (d) of Section 2.07 of this Act and shall require registered nurses performing radiologic procedures under Subsection (b) of Section 2.07 to register with the Board of Nurse Examiners and to identify the practitioner ordering those procedures. The board shall notify the agency licensing the practitioner that the nurse has registered with the board.

Your first question is:

_____

1.   In LO-88-54 we determined that the reference to Subsection (b) was a typographical error and should be read as a reference to Subsection (c).

> May a registered nurse who is not required to hold a certificate under section 2.07(c) of the Act perform radiologic procedures that are more dangerous or hazardous as identified in rules of the Texas State Board of Medical Examiners, the Texas Board of Chiropractic Examiners, the Texas State Board of Dental Examiners or the Texas State Board of Podiatry Examiners (collectively referred to as 'licensing agencies') adopted under section 2.08(c)(4) of the Act?

Under section 2.08(b) certain licensing boards are required to adopt rules governing the manner in which their licensees may order, instruct, or direct another person to perform radiologic procedures. Your question is whether a licensing board may adopt a rule under section 2.08(b) that would prohibit its licensees from directing a registered nurse to perform radiologic procedures that the board has determined to be "more dangerous or hazardous."

Subsection (c)(4) of section 2.08 requires each licensing board to "identify radiologic procedures that are more dangerous or hazardous and may only be performed by a practitioner or by a medical radiologic technologist certified under this Act." Nothing in subsection (c)(4) would exempt registered nurses from that type of regulation. Cf. § 2.08(c)(1) (requiring licensing boards to adopt a registration requirement, but providing that registered nurses are to be exempt from such registration require-ments). Subsection (d) of section 2.08, however, provides: "In adopting rules under Subsection (c) of this section, an agency may take into account whether the radiologic procedure will be performed by a registered nurse." We construe that provision to give a licensing board authority to identify a different category of procedures -- in effect, a middle tier -- that a practitioner may direct only certified medical radiologic technologists <u>or registered nurses</u> to perform.[2] Of course, nothing in the act would require a licensing board to identify any such procedures.

Your second question is:

> Must the licensing agencies adopt rules under section 2.08(b) - (d) of the Act to regulate

---

2. We assume that the legislature intended by section 2.08(d) to indicate that a licensing agency could assume, in general, a greater degree of competence on the part of registered nurses than on the part of other persons to whom practitioners would be delegating the performance of radiologic procedures.

> the licensees within a hospital described in section 2.07(d) of the Act?

Section 2.08(b) provides that the boards that license practitioners must adopt rules "to regulate the manner in which a licensee of the agency may order, instruct, or direct another person in the performance of radiologic procedures." Your question is whether those rules apply when a practitioner instructs a person working in a hospital described in section 2.07(d) to perform a radiologic procedure.

The language and apparent purposes of sections 2.07 and 2.08 create considerable ambiguity in regard to your question. On its face, section 2.08(b) is subject to a very broad interpretation. Read in isolation, section 2.08(b) seems to say that rules promulgated thereunder apply whenever a practitioner instructs a person to perform a radiologic procedure, regardless of setting and regardless of whether the person is certified or uncertified. Considering the context, however, we do not think that the legislature intended section 2.08(b) to apply so broadly.

Several aspects of sections 2.07 and 2.08 lead us to conclude that rules promulgated under section 2.08(b) were intended to be inapplicable in hospitals described in section 2.07(d). First, section 2.07(c), which permits uncertified persons to perform radiologic procedures at the instruction of a practitioner, expressly refers to rules promulgated under section 2.08. An uncertified person may not perform radiologic procedures under section 2.07(c) unless that person and the practitioner directing him are in compliance with those rules. In contrast, section 2.07(d), which deals with performance of radiologic procedures by uncertified persons in certain hospital settings, makes no reference to compliance with rules promulgated under section 2.08.

Furthermore, section 2.07(d) would not appear to serve any purpose if persons performing radiologic procedures under section 2.07(d) were subject to the the same administrative agency rules as persons performing radiologic procedures under section 2.07(c). Section 2.07(c) allows an uncertified person to perform radiologic procedures if a practitioner orders the person to do so and if the person and the practitioner are in compliance with rules promulgated under section 2.08. A person performing radiologic procedures in a hospital setting described in section 2.07(d) would presumably be performing the procedure at the request of a practitioner. If that person were subject to rules promulgated under section 2.08, he would meet the requirements of section 2.07(c) and the section 2.07(d) exception would add nothing to the section 2.07(c) exception.

Also, the substantive rules to be promulgated under section 2.08 have to do with safety, training, and supervision. Before a hospital can be accredited by the Joint Commission on Accreditation of Hospitals (JCAH) or before it can be approved for participation in the Medicare program, it must meet JCAH or Medicare standards for safety, training, and supervision in regard to radiologic procedures. See JCAH Accreditation Manual for Hospitals (1988); 42 C.F.R. 482.26 (Condition of participation [for Hospitals participating in Medicare and Medicaid]: Radiologic services); 42 C.F.R. § 482.53 (Condition of participation: Nuclear medicine services). Thus, rules promulgated under section 2.08(b) would cover the same ground as JCAH or Medicare standards and could conceivably be inconsistent with those standards. Consequently, we think that the section 2.07(d) exception indicates a legislative decision that the JCAH accreditation process and the Medicare approval process are adequate forms of quality control of radiologic procedures in hospitals.[3]

In light of those factors, we conclude that rules promulgated under section 2.08 do not apply in the settings described in section 2.07(d).

Your third question is:

> May the rules adopted by the Board of Nurse Examiners under section 2.08(e) of the Act relating to registered nurses performing radiologic procedures in hospitals under section 2.07(d) of the Act (a) require the registration with the Board of the registered nurses working in such hospitals and (b) allow registered nurses in such hospitals who are not certified to perform the procedures described under section 2.08(c)(4) of the Act?

---

3. Also, although we are not acquainted with hospital operating procedures, we assume that persons performing radiologic procedures in hospitals would be hospital staff members who would be receiving instructions from a variety of practitioners with staff privileges. If that is the case, it would be cumbersome for those persons to be subject to different safety and training standards depending on what type of practitioner instructed those persons to perform radiologic procedures. See generally Sparger v. Worley Hosp., Inc., 547 S.W.2d 582 (Tex. 1977) (disapproves "captain of ship doctrine" for surgeon in hospital operating room).

Section 2.08(e) makes clear that the registration requirement applies only to nurses performing radiologic procedures under section 2.07(c),[4] not to nurses performing radiologic procedures under 2.07(d). Because we have determined that rules promulgated under subsection 2.08(c)(4) are not applicable in hospitals described in section 2.07(d), we need not address part (b) of this question.

You next ask:

> Do the current rules adopted by the licensing agencies and the Board of Nurse Examiners meet the requirements of section 2.08 of the Act?

We do not review agency rules in the opinion process, and we are therefore unable to answer your question.

Your final question is:

> Under section 2.07(d) of the Act what entity determines whether a person 'has received appropriate instruction and training' and whether a 'protocol' has been developed?

Section 2.07(d) provides:

> A person who performs a radiologic procedure in a hospital that participates in the federal Medicare program or that is accredited by the Joint Commission on Accreditation of Hospitals and who has received appropriate instruction and training in the use and operation of diagnostic radiologic equipment consistent with either the federal Medicare standards for certification of hospitals or the accreditation standards of the Joint Commission on Accreditation of Hospitals may perform radiologic procedures without a certificate issued under this Act. A hospital that instructs and trains a person in the performance of radiologic procedures shall develop a protocol for the instruction and training.

---

4. As we noted in footnote no. 1, in LO-88-54 we determined that the reference to Subsection (b) in section 2.08(e) was a typographical error and should be read as a reference to subsection (c).

To perform a radiologic procedure under section 2.07(d), a person must have received "appropriate instruction and training" consistent with Medicare standards or JCAH standards. You ask who is to determine whether a person has received such training. Nothing in the act gives any administrative agency authority to determine whether a particular individual performing radiologic procedures in a hospital accredited by JCAH or approved by Medicare has in fact received appropriate training. An uncertified person who does not have appropriate training would commit a class B misdemeanor by performing radiologic procedures and would be subject to criminal prosecution. V.T.C.S. art. 4512m, § 2.13. Also, a hospital would risk losing its JCAH accreditation or its Medicare approval by allowing persons without appropriate training to perform radiologic procedures.

You also ask who is responsible for determining whether a hospital has developed a "protocol" for the instruction and training of persons who perform radiologic procedures. A medical dictionary defines "protocol" as a "precise and detailed plan for the study of a biomedical problem or for a regimen of therapy." Stedman's Medical Dictionary (5th ed. 1982); see also Am. Jur. Proof of Facts 3d: Taber's Cyclopedic Medical Dictionary (15th ed. 1988). Therefore, we read section 2.07(d) as requiring a hospital to have detailed written guidelines governing training and instruction in radiologic procedures. The act does not require a hospital to file its protocol with any agency, nor does it require any agency to insure that a hospital has developed a protocol.

### S U M M A R Y

Under section 2.08 of article 4512m, V.T.C.S., a licensing board may identify radiologic procedures that are "more dangerous or hazardous" and that only a certified medical radiologic technologist may perform. A licensing board also has authority, however, to identify procedures that only a certified medical radiologic technologist or a registered nurse may perform.

Rules promulgated under section 2.08(b) of article 4512m do not apply to persons performing radiologic procedures in hospitals described in section 2.07(d).

A registration requirement adopted by the Board of Nurse Examiners pursuant to section 2.08(e) of article 4512m would only apply to nurses performing radiologic procedures pursuant to section 2.07(c), not

to nurses performing radiologic procedures pursuant to section 2.07(d).

No state agency has authority to determine whether a hospital described in section 2.07(d) is in compliance with the requirements of that section.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General